UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHIRLEY GOODHEART,**<br><br>　　Appellant,<br><br>v.<br><br>**CARMEN MAGGIO, et al.,**<br><br>　　Appellees. | 07-559 (WJM)<br><br><br><br>LETTER ORDER<br><br>HON. WILLIAM J. MARTINI |

　　**THIS MATTER** comes before the Court on Appellant Shirley Goodheart's "Motion to Stay Proceedings; Vacate Dismissal; and Other Relief." On December 21, 2006, Appellant filed a notice of appeal of Bankruptcy Judge Donald H. Steckroth's order denying her motion for reconsideration of his dismissal of her complaint pursuant to Federal Bankruptcy Procedure 7012(b). Under Rule 8006, Appellant was then required to file a designation of record and a statement of issues on appeal within ten (10) days of her notice of appeal. Appellant failed to do so. Consequently, this Court dismissed her appeal on February 13, 2007.

　　Nevertheless, on February 20, 2007, Appellant submitted the instant motion along with a designation of record and statement of issues on appeal. The Court construes her motion as seeking to vacate its dismissal of her appeal under Federal Rule of Civil Procedure 60(b). *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) ("[A]s [plaintiff] filed his complaint pro se, we must liberally construe his pleadings, and we will 'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.2d 244, 247-48 (3d Cir. 1999)). Rule 60(b) requires the Court to determine whether Appellant's failure to file her Rule 8006 designation and statement of issues was the result of

"excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393-94 (1993); *In re Olick*, 2000 U.S. Dist. LEXIS 312, **6-7 (E.D. Pa. Jan. 14, 2000). A determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Because this Court finds that none of these factors weigh in favor of vacating dismissal of Appellant's appeal, her motion is **DENIED.**

First, Appellant provides no real excuse why she waited nearly two months to submit her Rule 8006 documents. Appellant only notes in passing that she "inadvertently left out" those materials in a January 19, 2007 letter to Judge Steckroth. *See* Letter from Goodheart to Clerk of Bankruptcy Court, *Goodheart v. Maggio et al.*, No. 06-1654 (February 9, 2006). Submitting the materials on that date, though, would still have been beyond the ten day deadline for filing such documents. Although the Supreme Court in *Pioneer* noted that excusable neglect is an "elastic concept," the Court also made clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. This concept applies equally to those litigants proceeding without counsel. *In re Amer. Metrocomm Corp.*, 196 Fed. Appx. 86, 87-88 (3d Cir. 2006) (stating that Third Circuit "never held that courts' obligations to liberally interpret pro se pleadings justifies ignoring deadlines for filing an appeal.").

Second, the potential prejudice to the Appellant is nonexistent. The issues Appellant raises on appeal were either previously decided by other Courts or are entirely meritless. For

instance, Appellant raises the following arguments on appeal: (1) whether Appellees' settlement of her lawsuit against her former employer violated her Chapter 13 stay; (2) whether Appellees possessed standing to settle her lawsuit; (3) whether the Bankruptcy Court possessed jurisdiction over the case in spite of her request for transfer to state court on certain ERISA issues; and (4) whether Appellant has the Constitutional right to pursue her employment case and trial by jury on all issues. The Third Circuit already decided and rejected the first issue. *Goodheart v. Pitney Bowes, Inc.*, 64 Fed. Appx. 348 (2003). As to the second issue, Judge Greenaway previously affirmed a decision of Bankruptcy Judge Rosemary Gambardella that Appellees possessed standing to settle the suit. *See* Order Affirming Decision of Bankruptcy Court, No. 02-262 (D.N.J. Apr. 15, 2003). Therefore, Appellant is barred under *res judicata* from re-litigating it here. As to the third and fourth issues, they are entirely meritless. Furthermore, Appellant never once raised these issues before the Bankruptcy Court and, consequently, cannot do so now. In all, Appellant's claims before this Court are meritless.

Third, the potential impact of allowing Appellant to proceed with her appeal would be immense. As fully detailed by Bankruptcy Judge Steckroth in his September 6, 2006 opinion, Appellant has been on a relentless campaign of filing meritless motions regarding the settlement of her employment litigation. The dockets produced by her actions are staggering. By the Court's own count, her filings have resulted in six opinions denying the relief requested along with countless court proceedings. It is apparent that Appellant has no qualms over wasting this Court's resources. As such, we strongly recommend that the Bankruptcy Court continue sanctioning Appellant if she continues her conduct. Imposing a filing bar is also probably necessary.

3

Fourth, the Court cannot find that Appellant's failure to timely file her appeal was taken in good faith.  The clerk for the Bankruptcy Court served notice upon Appellant on January 4, 2007, that she must submit a designation of record and statement of issues within 10 days of her notice of appeal.  Furthermore, as evidence by Appellant's history in litigating this matter, she is fully aware of the mechanics for appealing a bankruptcy judge's decision.  This Court is not swayed that Appellant's actions were innocent in the least.

In sum, the Court shall not vacate it's prior Order dismissing Appellant's appeal.  Furthermore, the Court implores Appellant to cease re-litigating the issue regarding the propriety of Appellee's settlement of her employment lawsuit.  Again, the Court recommends that, should Appellant continue down this path, future judges hearing her cases should not hesitate in imposing sanctions and/or a filing bar.  Accordingly,

**IT IS** on this 26th day of March, 2007, hereby,

**ORDERED** that Appellant's "Motion to Stay Proceedings; Vacate Dismissal; and Other Relief" is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Appellant's appeal of Bankruptcy Judge Steckroth's order denying Appellant's motion for reconsideration is **DISMISSED.**

*s/William J. Martini*
_____
**William J. Martini, U.S.D.J.**